# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No. 3:13-CR-00142 |
| | ) | Judge Aleta Trauger |
| **ALEXANDRU STANCIU,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER OF FORFEITURE CONSISTING OF
## $128,140 MONEY JUDGMENT AS TO COUNT ONE

Based on the representations and agreements of the Government and Defendant Alexandru Stanciu at the plea hearing in this matter and as evidenced by the Plea Agreement entered into between the parties, the Court finds as follows:

**WHEREAS**, on August 14, 2013, a federal grand jury sitting in the Middle District of Tennessee returned a one count Indictment against Defendant Alexandru Stanciu, charging him with a violation of 18 U.S.C. § 1349 (conspiracy to commit violations of 18 U.S.C. §§ 1343, and 1344, conspiracy to commit bank and wire fraud);

**WHEREAS,** the forfeiture allegation of the Information gave notice pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) that upon conviction of the bank and wire fraud offenses alleged in Count One, Defendant Alexandru Stancui shall forfeit any property constituting or derived from the proceeds obtained directly or indirectly of the said violations, including but not limited to:

   a) <u>Monetary Judgment</u>

   A sum of money equal to $128,140 in United States Currency, representing the amount of proceeds obtained as a result of the offense of conspiracy to commit wire

fraud and bank fraud;

**WHEREAS,** the forfeiture allegation of the Information also gave notice to Defendant Alexandru Stanciu that in the event the $128,140 in proceeds, as a result of any act or omission of Alexandru Stanciu:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant Alexandru Stanciu up to $128,140;

**WHEREAS**, Defendant Alexandru Stanciu has entered into a Plea Agreement with the United States wherein he has pled guilty to Count One of the Indictment;

**WHEREAS,** Defendant Alexandru Stanciu further acknowledges in his Plea Agreement that $128,140 is subject to forfeiture because these funds were obtained directly or indirectly as a result of the conspiracy to commit bank and wire fraud as charged in Count One of the Indictment, and which constitutes or is derived from proceeds traceable to each violation, and consents to the entry of a money judgment prior to sentencing in the amount of $128,140.

**WHEREAS,** as a result of Alexandru Stanciu's own act(s) or omission(s), the $128,140 in proceeds obtained as a result of the scheme or artifice to defraud as alleged in Count One of the Indictment, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as

2

incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property.

Now, therefore, based upon the signed Plea Agreement, this Court makes the following findings:

1. There is a preponderance of the evidence that the proceeds of the scheme to defraud as set forth in the offenses to which Defendant Stanciu has pled guilty in this matter are $128,140.

2. $128,140 is subject to forfeiture because these funds were obtained directly or indirectly as a result of the scheme or artifice to defraud as charged in Count One of the Indictment, and which constitutes or is derived from proceeds traceable to each violation.

3. As a result of Defendant Alexandru Stanciu's act(s) or omission(s), the $128,140 in proceeds obtained as a result of the scheme or artifice to defraud to which Defendant Alexandru Stanciu has pled guilty, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property up to $128,140.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A. An Order of Forfeiture Consisting of Money Judgment in the amount of $128,140 ("Order of Forfeiture") is hereby taken against Defendant Alexandru Stanciu as to Count One. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture consisting of Money Judgment shall become immediately final as to the defendant, by his

consent, and shall be made part of the sentence and included in the judgment. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

    B.  It is Ordered that the United States may engage in discovery in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $128,140 as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.* and by Federal Rule of Criminal Procedure, Rule 32.2(b)(3).

    C.  It is Ordered that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of $128,140 Money Judgment as to Count One to include substitute property having a value not to exceed in total $128,140 United States currency to satisfy the Money Judgment in whole or in part.

    D.  Upon payment of the Money Judgment in full, the United States shall file a satisfaction of judgment with the District Court and the appropriate clerk of the county in which any transcript or abstracts of the judgment has been filed.

    E.  Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $128,140 plus statutory interest is made in full.

    F.  The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this  18th  day of ___July___, 2014.

_____
ALETA A. TRAUGER
United States District Judge

5